United States District Court
Southern District of Texas
**ENTERED**
February 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE MITCHELL, TDCJ #648121, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-1683 |
| LISA HARRISON, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Maurice Mitchell (TDCJ #648121), filed this lawsuit under 42 U.S.C. § 1983, alleging that he was retaliated against in violation of his constitutional rights. Defendant Gia Williams has filed a motion for summary judgment on the claim against her [Doc. # 46]. All other defendants (Lisa Harrison, Jeania Taylor, Demetric Phipps, Christopher Carter, David Wickersham, Aaron McFarland, Raquel Elias, and Aysira Regalus) have filed a separate motion for summary judgment on the claims against them [Doc. # 49]. Mitchell has filed a response to both motions [Docs. # 54, # 60]. After considering all of the pleadings, the records, and the applicable law, the Court grants the defendants' motions and dismisses this case for the reasons set forth below.

## I.     BACKGROUND

Mitchell is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Estelle Unit in Huntsville, where all of the defendants are employed.[1] Defendant Gia Williams is a nurse practitioner employed by the University of Texas Medical Branch ("UTMB").[2] The remaining defendants are employed by TDCJ as correctional officers or officials. Lisa Harrison, Demetric Phipps, Raquel Elias, and Aysira Regulus are correctional officers who work as law library clerks.[3] Jeania Taylor is the law library supervisor.[4] Christopher Carter is an assistant warden.[5] David Wickersham is a correctional officer.[6] Captain Aaron McFarland is a disciplinary hearing officer.[7]

Mitchell's primary contention is that Harrison, Phipps, Elias, Regulus, and Taylor retaliated against him by kicking him out of the library in November 2012, and by restricting his access to indigent legal supplies because Mitchell is a "writ writer"

---

[1]     Complaint [Doc. # 1], at 7.

[2]     Amended Complaint [Doc. # 24], at 2.

[3]     Complaint [Doc. # 1], at 7;  Amended Complaint [Doc. # 24], at 2.

[4]     Complaint [Doc. # 1], at 7.

[5]     *Id.* at 8.

[6]     *Id*.

[7]     *Id*. at 7.

who has filed many grievances against prison personnel.[8] Mitchell contends that Regalus and Wickersham retaliated against him by filing two false disciplinary cases against him that were later overturned.[9] Carter and McFarland were reportedly involved in overseeing those disciplinary cases.[10] Mitchell contends further that Williams retaliated against him by discontinuing his medication for high blood pressure on or about May 22, 2014.[11]

Mitchell seeks declaratory and injunctive relief as well as actual, nominal, and punitive damages.[12] The defendants move for summary judgment, arguing that Mitchell fails to establish a constitutional violation and that they are entitled to both official and qualified immunity. The parties' contentions are discussed further below under the summary judgment standard of review.

## II. STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[8] Complaint [Doc. # 1], at 7, 11-16; Amended Complaint [Doc. # 24], at 2, 6-7,

[9] Complaint [Doc. # 1], at 20; Amended Complaint [Doc. # 24], at 8-9.

[10] Complaint [Doc. # 1], at 19-20.

[11] Amended Complaint [Doc. # 24], at 11-12.

[12] Complaint [Doc. # 1-1], at 11-17.

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U .S. 242, 248 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*.

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).  However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes County*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla

of evidence).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The defendants contend that they are entitled to immunity under the Eleventh Amendment from Mitchell's claims against them in their official capacity. The Eleventh Amendment bars suit against state entities such as TDCJ and UTMB regardless of whether money damages or injunctive relief is sought under § 1983.[13] *See Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984). It is also settled that the Eleventh Amendment bars a recovery of money damages under § 1983 from state employees in their official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001). To the extent that Mitchell seeks monetary damages in this case, the Eleventh Amendment bars his claims against the defendants in their official capacity as state employees. Accordingly, all claims for monetary damages against the defendants in

---

[13] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI.

their official capacities must be dismissed as barred by the Eleventh Amendment.[14]

### B. Qualified Immunity

The defendants argue further that they are entitled to qualified immunity from Mitchell's claims against them in their individual capacity because Mitchell does not establish a constitutional violation in this case. The doctrine of qualified immunity shields officials from civil liability for damages alleged to result from the performance of discretionary functions, so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

To determine whether a defendant is entitled to qualified immunity, a court inquires (1) whether the plaintiff has alleged a violation of a constitutional or statutory right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred. *See Hampton v. Oktibbeha*

---

[14] A narrow exception to Eleventh Amendment immunity exists for suits brought against individuals in their official capacity, as agents of the state or a state entity, where the relief sought is injunctive in nature and prospective in effect. *See Aguilar*, 160 F.3d at 1054 (citing *Ex parte Young*, 209 U.S. 123 (1980)). Although Mitchell seeks an injunction in this lawsuit, that request fails for reasons discussed in more detail below because Mitchell does not establish a viable clam in this case.

*Cty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007) (citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)); *see also Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). A defendant official is entitled to qualified immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation omitted). This is an "exacting standard" that protects "all but the plainly incompetent or those who knowingly violate the law." *City and County of San Francisco v. Sheehan*, — U.S. —, 135 S. Ct. 1765, 1774 (2015) (citation omitted).

Mitchell alleges that the defendants retaliated against him in violation of his constitutional rights because he is a writ writer who has filed many grievances against TDCJ staff. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). The Fifth Circuit has emphasized that prison officials must be given "wide latitude" in the management of inmates and has cautioned district courts to "carefully scrutinize" retaliation claims:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in

state penal institutions.

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). A prisoner must allege more than his personal belief that he is the victim of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). To demonstrate that a defendant acted with intent to retaliate, a prisoner must produce "direct evidence of motivation" or, at the very least, he must "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166.

### 1. Claims Against Harrison, Phipps, Elias, Regulus, Taylor, Carter, McFarland, and Wickersham

As noted above, Mitchell alleges that Harrison, Phipps, Elias, Regulus and Taylor retaliated against him by restricting his access to the law library in November 2012, and by restricting his access to indigent legal supplies on unspecified dates. Mitchell alleges further that Regulus and Wickersham retaliated against him by filing two false disciplinary cases against him, which were overseen by Carter and McFarland.

The defendants maintain that their actions were taken in compliance with prison policy or in response to Mitchell's violations of prison policy.[15] The defendants argue

---

[15] Motion for Summary Judgment [Doc. # 49], at 6-7.

that Mitchell fails to establish a retaliation claim against them because there is no direct evidence of retaliatory intent and Mitchell does not otherwise allege a chronology from which retaliation may be plausibly inferred.[16] The defendants correctly note that Mitchell's pleadings are wholly conclusory in this regard. This is true of his complaint and his response to the motion for summary judgment. Although Mitchell alleges that these defendants retaliated against him for filing grievances, he does not point to a specific grievance that may have provoked a retaliatory response or allege facts indicating that there is any connection between the grievances that he filed and the defendants. This is insufficient to establish a claim. In that respect, "[m]ere conclusionary allegations of retaliation will not withstand a summary judgment challenge." *Woods*, 60 F.3d at 1166 (citing *Richardson v. McDonnell*, 841 F.2d 120 (5th Cir. 1988)).

Because Mitchell has failed to show that Defendants Harrison, Phipps, Elias, Regulus, Taylor, Carter, McFarland, and Wickersham had any retaliatory motive, Mitchell has failed to establish a claim of retaliation against them.[17] Therefore, these

---

[16] *Id.* at 7.

[17] Mitchell has asked the Court to authorize service of process for two other defendants (Lieutenant Kevin Little and Officer Brittany Denby) referenced in the pleadings [Doc. # 51]. Because Mitchell likewise fails to establish that Little or Denby had the requisite retaliatory intent, the Court declines to authorize additional service of process and dismisses the retaliation claims against these defendants pursuant to 28 U.S.C. §1915(e)(2)(b) for failure
(continued...)

defendants are entitled to qualified immunity.

### 2. Claims Against Williams

Mitchell alleges that Williams retaliated against him by discontinuing his blood pressure medication on or about May 22, 2014. Williams argues that Mitchell cannot establish a retaliation claim against her because she had no involvement in the discontinuation of his blood pressure medication.[18] The record reflects without contradiction that Mitchell's prescription for blood pressure medication (Amlodipine) expired automatically on April 4, 2014, and was not discontinued by Williams or by any other health care provider.[19] Mitchell was advised that it was his responsibility to submit a request for a refill.[20] Because Mitchell does not establish that Williams acted to retaliate against him, he fails to establish a valid claim. Accordingly, Williams is entitled to qualified immunity.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

---

[17](...continued)
to state a claim upon which relief may be granted.

[18] Motion for Summary Judgment [Doc. # 46], at 6.

[19] *See id*. Exhibit A [Doc. # 46-1] Affidavit of Dr. Steven Bowers, M.D., at 3-4; Exhibit B [Doc. # 48], at 10-11, 13, 24, 28; Exhibit C [Doc. # 48-1], at 3 (reflecting the expiration date for Mitchell's prescriptions).

[20] Exhibit B [Doc. # 48], at 10, 24.

1. The defendants' motions for summary judgment [Docs. # 46, # 49] are **GRANTED**.

2. This case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on February 24, 2016.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE